UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEBBIE HALL,

        Plaintiff,

CASE NO. 1:24-cv-150-MW-HTC

vs.

ST. FRANCIS HOUSE, INC. and
LAURI SCHIFFBAUER, individually,

        Defendants.

**PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE**

Plaintiff Debbie Hall ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Evidence and Civil Procedure and, submits her Motion to Strike Portions of Defendant's Summary Judgment Evidence, and states:

    I.    **BACKGROUND**

This is a housing discrimination case. Plaintiff asserts that in August of 2022 she called Arbor House, which is owned and operated by Defendant St. Francis House, Inc., to inquire about the availability of housing and was told by Nikki Magnotta, Arbor House's case manager, that it was anticipated that a room was coming available. [DE 1 ¶ 18.] Plaintiff further asserts that when she revealed that she has emotional support animal, Ms. Magnotta said it would be necessary for her to contact management to find out if emotional support animals were allowed at

Arbor House. [DE 1 ¶ 22.] Subsequently, Ms. Magnotta left a message on Plaintiff's voice mail stating that an opening was coming up, though she was not sure when, but emotional support animals are not allowed at Arbor House, only "trained service animals with papers identifying what the animal was trained to do." [DE 1-1.]

St. Francis House, Inc. and its Executive Director, Defendant Lauri Schiffbauer ("collectively Defendants"), claim that when Plaintiff called Arbor House there were no rooms available for single women like Plaintiff, and that if Ms. Magnotta left the message transcribed and attached to the initial complaint in this matter, [DE 1-1] "she acted outside the scope of her authority." [DE 35-1 ¶ 13, 21.]

On May 16, 2025, Defendants filed a Notice of Filing Exhibits in Support of Summary Judgment [DE 35] followed by Defendants' Motion for Summary Judgment. Plaintiff moves to strike Exhibits 4, 6, 7, and 8 because they contain improper and/or inadmissible evidence that cannot be considered on a motion for summary judgment, i.e., Exhibit 6 is from a witness not disclosed pursuant to Rule 26 and also based upon hearsay and not personal knowledge; and Exhibits 7 and 8, are inadmissible hearsay.

## II. SUMMARY JUDGMENT EVIDENCE STANDARD

In ruling on a summary judgment motion, a court may not consider material that "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) and (c)(4); *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) (on motions for summary judgment, a court "may consider only that evidence which can be reduced to an admissible form"). "Statements that are not admissible at trial are struck from an affidavit[1] submitted with summary judgment [motions]." *Am. Heritage Life Ins. Co. v. Johnston*, 2021 U.S. Dist. LEXIS 95919, *9-10, 2021 WL 2015194 (M.D. Fla. 2021) (Case No. 3:19-cv-310-TJC-JRK).

The movant of summary judgment who relies upon a declaration in support bears the burden of proving its admissibility.

### III. ARGUMENT

**A. Exhibit 4 should be stricken because it is unauthenticated hearsay and was not disclosed pursuant to Rule 26.**

Exhibit 4 is referenced on page 6 of Defendant's Motion for Summary Judgment as "Arbor House-North Rent Rolls." Exhibit 4 is unauthenticated, classic hearsay. Exhibit 4 is offered to prove that no rooms were available at Arbor House when Plaintiff inquired about availability. Generally, inadmissible hearsay cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d

---

[1] A sworn declaration is the legal equivalent of an affidavit. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 749 n.5 (11th Cir. 2010) *citing* 28 U.S.C. § 1746.

1316, 1322 (11th Cir. 1999) (internal quotations and citations omitted). Furthermore, unauthenticated documents are not admissible on a motion for summary judgment. *Canada v. Blain's Helicopters, Inc*., 831 F.2d 920, 925 (9th Cir. 1987).

For documents to be considered at the summary judgment stage, the documents must be authenticated **and** the affiant must be a person through whom the exhibits could be admitted into evidence. *Id.* (emphasis added). Only a competent witness with personal knowledge can authenticate a document. *Hal Roach Sudios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1551 (9th Cir. 1989), *see also*, *Harris v. City of St. Clairsville, Ohio*, 330 Fed. Appx. 68, 70 (6th Cir. 2008) (upholding district court's ruling striking as exhibits unauthenticated documents and statements of non-disclosed witnesses).

Defendants provided no attestation as to the authenticity of Exhibit 4, and even if Exhibit 4 was not an unauthenticated hearsay document, it was never disclosed pursuant to Rule 26, which requires each party to affirmatively disclose to the other "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).

Fed. R. Civ. P. 37(c)(1) mandates that when a party fails to provide information in discovery as required by Fed. R. Civ. P. 26, the party is not allowed

to use that information to supply evidence on a motion unless the failure was substantially justified or is harmless. Defendants' failure to disclose a copy of Exhibit 4, or even a description of Exhibit 4, is not harmless; Plaintiff deposed both Defendants but did not inquire as to the creation of the "Rent Roll" or witnesses that may have knowledge regarding its veracity because it had not been identified as an exhibit that would be used to support Defendants' claims. *See Seahorse Oceanside Apartments Condo. Ass'n v. Homesite Ins. Co.*, 446 F. Supp. 3d 1097, 1106 (S.D. Fla. 2020)(striking document not produced under Rule 26 where "the non-disclosure precluded Homesite from conducting any discovery on either the authenticity of the [document] or the veracity of Seahorse's claimed submission of the [document.]") *citing Cunningham v. Fulton County*, 785 F. App'x 798, 803-04 (11th Cir. 2019) (affirming district court's exclusion of documents not listed on initial or supplement disclosures). Exhibit 4 should be stricken and removed from the docket.

### B. Exhibit 6, the Declaration of Connor Flynn and the Exhibits hereto, should be stricken because the Declaration was not based upon personal knowledge and the Declarant and was not disclosed as a witness pursuant to Rule 26.

Attorney Connor Flynn represented St. Francis House the last time the organization was sued for failing to accommodate a disabled resident's assistance animal. Mr. Flynn's Declaration (Exhibit 6 to Defendants' Motion for Summary Judgment) distilled to its essence, states that Plaintiff's undersigned counsel emailed

him that Plaintiff had been told that a vacancy at Arbor House was anticipated but had also been told emotional support animals were not allowed. According to his Declaration, six days later, Mr. Flynn forwarded the email sent by Plaintiff's counsel to Defendant Schiffbauer, who shared "her understanding of the conversation between Nikki [Magnotta] and Mrs. Hall [the Plaintiff]" and claimed that there was no room for a single woman at Arbor House and that was the only reason Plaintiff had been turned away. See Defendant's Exhibit 6.

What Defendant Schiffbauer told Mr. Flynn regarding what she thought had been discussed between Plaintiff and a former St. Francis House employee is at best "double hearsay," if not triple hearsay, and is inadmissible as a matter of law. Fed. R. Ev. 801 *Gray v. City of Jacksonville*, 492 Fed. Appx. 1, 2012 WL 4786187, at *8 n.4 (11th Cir. 2012).

Further, Mr. Flynn's Declaration and the emails attached thereto are offered to prove that there was not a room available when Plaintiff reached out to Arbor House in August of 2022. Mr. Flynn does not attest that he has any personal knowledge of the existence of any current or upcoming vacancies at Arbor House; clearly his only knowledge regarding any vacancy or lack thereof is based upon what Defendant Schiffbauer <u>told</u> him in an email. What Defendant Schiffbauer told Connor Flynn is hearsay. *Tishcon Corp. v. Soundview Communs., Inc*., 2006 U.S. Dist. LEXIS 97309 (N.D. Ga. Feb. 14, 2006) ("To have personal knowledge means

6

more than to have been told that something is what it purports to be or to have collected the information from one's client.").

Rule 56(c)(4) directs that a declaration offered in support of summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Am. Heritage Life Ins. Co. v. Johnston*, No. 21-12121, 2022 U.S. App. LEXIS 179, 2022 WL 30175, at *2 (11th Cir. Jan. 4, 2022).

Even if Connor Flynn's Declaration was based upon his own personal knowledge rather than what he was told in an email from Defendant Schiffbaurer, he was not disclosed as a witness pursuant to Rule 26 and therefore his statement cannot be used to support a summary judgment motion. *See Jett v. Del Toro*, No. 5:22cv90-MW/MJF, 2023 U.S. Dist. LEXIS 237932, at *3 (N.D. Fla. Sep. 21, 2023). As explained *supra*, a party who fails to provide information or identify a witness through initial disclosures or proper supplementation of discovery responses "is not allowed to use that information or witness to supply evidence on a motion ...unless the failure was substantially justified or is harmless." Fed. R. Civ. P.37(c)(1); see also, e.g., *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 909 (5th Cir. 2015) (affirming order striking summary-judgment evidence that the proffering party failed to produce). This sanction is "automatic and mandatory" unless the party shows that "its violation of Rule 26(a) was either justified or harmless." *Id. See also*

7

*Steffek v. Client Servs.*, 948 F.3d 761, 768 (7th Cir. 2020) ("a motion for summary judgment supported by an affidavit from a witness not previously disclosed in the case ordinarily will cause problems that Rule 26(a)(1)(A)(i) and (e)(1) and case management plans are intended to prevent").

The fact that Plaintiff's counsel knows of Mr. Flynn did not obviate Defendants' obligation to disclose him as a witness. The "duty to disclose extends to witnesses that the other party already knows of," and "other parties should be able to rely on the disclosures when making their own discovery decisions. For example, a party might rationally choose not to depose a person known to have knowledge if no other party has listed him or her as a potential witness." *Baines v. Aaron's Inc*., No. CV-20-01124-PHX-DWL, 2021 U.S. Dist. LEXIS 173460, at *11 (D. Ariz. Sep. 13, 2021) (citations omitted). As one court put it: "[I]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Morris v. BNSF Railway Co*., 969 F.3d 753, 765 (7th Cir. 2020) (citation omitted).

Accordingly, the Declaration of Connor Flynn and exhibits thereto should be stricken, *in toto*, and removed from the docket. Fed. R. Civ. P. 37(c).

**WHEREFORE,** Plaintiff Debbie Hall respectfully requests that Exhibits 4, 6, 7, and 8, and attachments thereto, in support of Defendants' Motion for Summary Judgment be stricken from the record.

## LOCAL RULE 7.1(B) CERTIFICATION OF CONFERENCE

The undersigned CERTIFIES that she has conferred with opposing counsel regarding the relief requested herein but the parties have been unable to resolve the issues addressed in the instant motion.

## LOCAL RULE 7.1(F) CERTIFICATION OF WORD TALLY

The undersigned CERTIFIES that the within document, inclusive of headings, footnotes, and quotations, does not exceed 8,000 words.

> MARCY I. LAHART, PLLC
> 861 S. 40th Street
> Tacoma, WA 98418
> Telephone: (352) 545-7001
> Facsimile: (888) 400-1464
> Email: marcy@floridaanimallawyer.com
>
> BY: s/ Marcy I. LaHart
> Marcy I. LaHart, Esq.
> Florida Bar No. 0967009
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of June 2025, I electronically filed a true and correct copy of the foregoing **PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE** with the Clerk of Court by using the CM/ECF system

9

which will send a copy of the electronic filing and notice of its filing via electronic mail service to all counsel of record.

                              BY: s/ Marcy I. LaHart
                              Marcy I. LaHart, Esq.