IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEBBIE HALL,

    Plaintiff,

v.                                        CASE NO.: 1:24cv-150-MW-HTC

ST. FRANCIS HOUSE, INC and
LAURI SCHIFFBAUER, individually,

    Defendants.
_____/

**DEFENDANTS' REPLY AND MEMORANDUM OF LAW
TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, St. Francis House, Inc. ("St. Francis") and Lauri Schiffbauer, hereby reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. [ECF No. 39] Defendants should be granted summary judgment because:

(1)    Plaintiff has presented no evidence to controvert the undisputed fact that, despite Plaintiff's purported belief that a room was available or Nikki Magnotta's unspecified and vague anticipation that a room may become available "within the next month or so," there was no room for Plaintiff in August 2022 and for six months thereafter;

(2)   Plaintiff cannot establish damages because she was notified, through her attorney and agent, in September 2022 and at the latest in October 2022 that Defendants permit emotional support animals as a reasonable accommodation;

(3)   Plaintiff has presented no supporting evidence and has not satisfied her burden to establish she is a disabled individual; and

(4)   through a separate motion, Plaintiff merely attempts to object to Defendant's summary judgment evidence rather than address the evidence head on.

## MEMORANDUM OF LAW

**I. There is no genuine issue of material fact as to the following: there was (a) no room available for Plaintiff, (b) no refusal to rent a room or make a dwelling unavailable, and (c) no opportunity to accommodate.**

Nikki Magnotta's speculative statement alleging—without any factual details or specification—that "I anticipated at least one opening for a single woman within the next month or so" [ECF No. 39-2, ¶ 9] does not create a genuine issue of material fact that no room was available for Plaintiff. Magnotta does not explain the basis for her guesswork that a room may open up "within the next month or so." Nonetheless, her unexplained anticipation confirms that no room was available for Plaintiff when Plaintiff inquired about housing. In fact, Plaintiff has submitted no evidence to contradict that from August 2022 to February 2023, all the same residents who resided in Arbor House-North continuously occupied the single women's housing.

ECF No. 35-1 (Schiffbauer Decl. ¶ 13); ECF No. 35-4 (Arbor House-North Rent Rolls).

Plaintiff's characterization that "Nikki" "left a voice message that said she had a room in Arbor House for a single woman …" [ECF 39-1, ¶ 14] is not consistent with Magnotta's statement or even the transcript on which Plaintiff relies and should be disregarded. ECF 39-1, Exh. 2. According to the transcript, the caller states "I'm not too sure when that [vacancy] will actually happen." ECF 39-2, p. 6 of 7, lines 7-8. Plaintiff at deposition acknowledged that the transcript indicates "Now she doesn't have a room."[1] ECF 35-5 (Hall Dep. p. 54). Moreover, and importantly, Magnotta's unclear and internally inconsistent voice message does not controvert the fact that there was in fact no room available in or after August 2022.

Magnotta's purported statement to Plaintiff, if believed, does not establish a per se liability under the FHA as Plaintiff now claims. Contrary to Plaintiff's claim that she has not asserted a disparate theory claim, Count I of the Complaint is based on 42 U.S.C. § 3604(f)(1) (making it unlawful to "discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling" because of a handicap) and is

---

[1] Most likely, the caller stated on the voice message "Um, I have no room in Arbor House for a single female" but the word "no" was too faint or inaudible to be transcribed. While Magnotta attests that the transcript is "an accurate transcription of the message" she left Plaintiff, the transcript clearly did not accurately transcribe Magnotta's last name. ECF 39-2, p. 6 line 4 (stating "This is Nicki McManus").

necessarily a disparate treatment claim. In *Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale, Florida*, the Eleventh Circuit Court of Appeals addressed the plaintiff's claim under § 3604(f)(1) and explained:

> The texts of the FHA and the ADA each require a plaintiff alleging disparate treatment to prove that he was treated less favorably than a similarly situated, non-disabled person. For starters, the text of the FHA makes it unlawful to "discriminate against" a person in housing on the basis of disability. …
>
> Further, although section 3604(f)(1) of the FHA and Title II of the ADA do not use the same "discriminate against" language, their prohibitions are plainly concerned with negative treatment. First, section 3604(f)(1) prohibits "mak[ing] unavailable or deny[ing]" a dwelling to someone because of a disability. Merriam-Webster Dictionary defines "to deny" as "to give a negative answer to" or "to refuse to grant." "Deny," Merriam-Webster's Online Dictionary 2022, https://www.merriam-webster.com/dictionary/deny. Similarly, Merriam-Webster Dictionary defines "to make" as "to cause to happen to or be experienced by someone." And it defines "unavailable" as "not possible to get or use." "Make," Merriam-Webster's Online Dictionary 2022, https://www.merriam-webster.com/dictionary/make; "Unavailable," Merriam-Webster's Online Dictionary 2022, https://www.merriam-webster.com/dictionary/unavailable. Thus, to "make unavailable" a dwelling is to deprive one of access to the dwelling. **It follows that a disabled plaintiff cannot be granted more access to housing than a similarly situated, non-disabled counterpart and yet still claim he was "denied" access to a dwelling or that it was "made unavailable" to him on account of his disability**.

46 F.4th 1268, 1275-76 (11th Cir. 2022). Here, Plaintiff cannot rebut the evidence that she was not treated differently or worse than any non-disabled counterpart because no potential tenant or applicant would have been provided a room in August and for months thereafter.

4

The instant action does not raise a claim under 42 U.S.C. § 3604(c) which makes it unlawful to "make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on … handicap …, or an intention to make any such preference, limitation, or discrimination." Therefore, the cases relied on by Plaintiff which involve § 3604(c) do not support Plaintiff's argument.

Moreover, none of the cases relied on by Plaintiff involves undisputed facts that counsel for Plaintiff acting as agent for Plaintiff at the time the events were occurring was notified that there was no room available for Plaintiff and no refusal to rent a room to Plaintiff based on any assistance animal. Therefore, Plaintiff's claim under Count II must fail as well.

**II.    Plaintiff's claim for damages must fail.**

Plaintiff's claim for damages against Defendants including punitive damages fail because Plaintiff was notified, through her agent and attorney in September 2022 and again in October 2022 when Schiffbauer's deposition was taken, that Defendants do permit emotional support animals at Arbor House and that the only reason Plaintiff was not provided a room was because there was no room available for her. ECF No. 35-6 (Flynn Decl. ¶¶ 7, 8); ECF Nos. 35-7, 35-8; ECF No. 351-1 (Schiffbauer Decl. ¶ 23); ECF No. 35-9 (Schiffbauer Dep. 26 (Oliver matter)).

Tellingly, Plaintiff through a separate motion merely objects to and/or fails to squarely address Defendants' additional summary judgment evidence including the undisputed evidence that Schiffbauer told Plaintiff's attorney under oath in October 2022 that emotional support animals are accommodated at all St. Francis' facilities including Arbor House. The suggestion that Plaintiff, having received this information through her attorney and agent, is entitled to any damages including punitive damages, is not supported by any caselaw. Plaintiff argues that she is entitled to damages because she was still homeless in March 2023—when the first vacancy at Arbor House-North occurred; yet, she fails to explain or produce any evidence as to why she failed to make an inquiry after October 2022 when Schiffbauer directly, unequivocally and under oath told Plaintiff's attorney that Defendants accept emotional support animals as a reasonable accommodation.

### III. Plaintiff failed to meet her burden to establish she is a qualified individual with a disability.

Having filed the instant lawsuit, it is Plaintiff's burden to establish that she is a qualified individual with a disability within the meaning of the statute. This is not changed by the fact that Schiffbauer has testified that she (Schiffbauer) has no independent evidence or reason to question or doubt Plaintiff's assertion that Plaintiff's depression entitles her to an emotional support animal and would have accommodated a request for an emotional support animal.

Aside from her own assertion, Plaintiff still has provided no competent or independent documentation or evidence that she has received, or has met the definition of disability in order to receive, SSI or SSDI benefits. Moreover, the medical records submitted by Plaintiff do not establish disability on their face as they do not speak on the nature or extent of the impairment on Plaintiff's major life activity during the evaluated time periods much less in August 2022. For example, the records submitted by Plaintiff are a decade old from 2015 or from assessments conducted after the initiation of this litigation in December 2024 and February 2025. ECF 39-1 (Exh. 1, pp. 1-30). Plaintiff has presented no verification from a health professional that supports Plaintiff's alleged disability or need for an emotional support animal.

Furthermore, Plaintiff's declaration does not add any details regarding the nature or extent of her depression on a major life activity. For example, her statement that she has not been able to work due to her depression is conclusory and not sufficient to establish a disability. ECF No. 39-1 (Hall Decl. ¶¶ 6-8). Moreover, her statement that she "sometimes suffer from severe anxiety which is almost paralyzing" is conclusory, without any details and contrary to her deposition testimony that her claimed disability is based on her depression which effects "mostly motivation." ECF No. 35-5 (Hall Dep. 63); ECF No. 39-5 (Hall Dep. 61)

7

(stating she received a diagnosis for anxiety recently and that in 2022, the claimed disability was major depression).

Finally, the Complaint alleges that Plaintiff is a disabled individual "because her physical and/or mental impairments substantially limit one or more of her major life activities." ECF No. 1 (Complaint ¶12) Her argument now that she may establish her status through having "a record of disability" because she has produced hundreds of pages of medical records (which were mostly about her physical limitations and therefore were not even submitted as evidence by Plaintiff to support her claimed disability), is unavailing.

WHEREFORE, Defendants respectfully request this Court grant Defendants' Motion for Summary Judgment.

Respectfully submitted this 13th day of June 2025.

/s/ Jung Yoon
Paul A. Donnelly
Florida Bar No. 813613
paul@donnellygross.com
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com
Donnelly + Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046
Counsel for Defendants

<u>CERTIFICATE OF COMPLIANCE WITH WORD LIMIT</u>

I hereby certify that this Memorandum (including the case style, signature block and this certificate), contains less than 1833 words.

<u>s/ Jung Yoon</u>